IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**PLANET HOME LENDING, LLC**                                                                 **PLAINTIFF**

**v.**                                                                  **Civil No. 1:25-cv-00085-HSO-BWR**

**SAVANNAH R. GUY,**
**JONATHAN J. GUY, and**
**UNITED STATES OF AMERICA**                                            **DEFENDANTS**
*on behalf of the Secretary of Housing and*
*Urban Development*

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte* following Plaintiff Planet Home Lending's failure to comply with two prior Court Orders [4] and [9].

### I. BACKGROUND

On August 07, 2025, the Court entered an Order [4] setting a deadline of August 25, 2025, for Plaintiff to perfect service of process on all Defendants and file proof of such service. Order [4]. Plaintiff was cautioned "that the Court may dismiss an action *sua sponte* for a plaintiff's failure to prosecute or obey a Court order under Rule 41(b) of the Federal Rules of Civil Procedure and under the Court's inherent authority to dismiss the action sua sponte." *Id.* (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962)).

On August 25, 2025, Plaintiff filed Motion [6] to Abate Proceedings. Mot. [6]. Plaintiff claimed that abatement was proper to "facilitate the negotiation process by allowing the parties to focus their resources and attention on settlement

1

discussions, fostering an atmosphere conducive to resolution." *Id.* On September 5, 2025, 163 days after the Complaint [1] was filed, the Court denied Plaintiff's Motion [6] and set a "final deadline to file proof of service on Defendants [of] September 22, 2025." Order [9]. To date, Plaintiff has not filed any proof of service on Defendants.

## II. DISCUSSION

### A. Relevant Legal Authority

The Court may dismiss an action *sua sponte* for a plaintiff's failure to prosecute or comply with any order of the Court under Federal Rule of Civil Procedure 41(b). *See Wabash R.R. Co.*, 370 U.S. at 630-31; *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Wabash R.R. Co.*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Indeed, a "court has broad discretion and inherent authority to manage its docket, including the power to dismiss a case for a party's failure to obey the court's orders." *In re Deepwater Horizon*, 988 F.3d 192, 197 (5th Cir. 2021) (internal citation omitted).

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Likewise, Federal Rule of Civil Procedure 4(m) states as follows:

2

> If a defendant is not served within 90 days after the complaint is filed, the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m).

B.  Analysis

The Court finds that dismissal without prejudice is warranted because, as discussed, Plaintiff did not comply with the Court's Orders [4] and [9], nor did it perfect service of process on Defendants and file proof of such service. Plaintiff was put on notice repeatedly that failure to comply with the Court's Orders and file proof of service of process may lead to a dismissal without prejudice. To date, Plaintiff has not filed proof of service of process on Defendants, and it is now 184 days since the Complaint [1] was filed. Based upon the record, the Court finds that dismissal without prejudice is warranted for Plaintiff's failure to perfect service of process on all Defendants, failure to file proof of such service, and failure to obey Orders [4] and [9] of the Court.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to perfect service of process on all Defendants, failure to file proof of such service, and failure to obey Orders [4] and [9] of the Court. *See* Fed. R. Civ. P. 4(m), 41(b); *Wabash R.R. Co.*, 370 U.S. at 630-31.

**SO ORDERED AND ADJUDGED**, this the 26th day of September, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE

4